## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS PRADE, | ) | CASE NO. 5:14CV188 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| THE CITY OF AKRON, et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion to strike (Doc. No. 68)[1] the motion for judgment on the pleadings (Doc. No. 63 ["MJOP"]) filed by defendant Dr. Lowell Levine. Defendant Levine has filed a brief in opposition to the motion to strike. (Doc. No. 69.)

Plaintiff argues, in reliance upon Fed. R. Civ. P. 12(c), that the MJOP was filed prematurely because the pleadings are not yet closed since numerous defendants have only filed motions to dismiss, not answers.

Defendant Levine argues in opposition that the Sixth Circuit has not directly addressed the issue of whether, when there are multiple defendants, a motion for judgment on the pleadings may be filed before all the defendants have answered the complaint, so long as the moving defendant has answered. *See Dunn-Mason v. JP Morgan Chase Bank N.A.*, No. 11-cv-13419, 2013 WL 4084676, at *4 (E.D. Mich. Aug. 13, 2013). Plaintiff recognizes the lack of legal authority in this circuit, but cites to, among other cases, *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833 (N.D. Ohio 2009), for the proposition that a motion for

---

[1] Plaintiff moves to strike defendant's motion partly in reliance upon Fed. R. Civ. P. 12(f)(2). Defendant properly points out that this rule addresses the striking of matter from *pleadings* and defendant Levine's motion is not a "pleading" as defined by Fed. R. Civ. P. 7(1).

judgment on the pleadings is premature until *all* defendants in the case have filed an answer. But plaintiff misses the ultimate ruling in *Horen*, where Judge Carr, of this district, concluded that, although he could deny the motion without prejudice to refiling at an appropriate time, he also had discretion to construe the "pre-answer Rule 12(c) motion as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Id.* at 840-41 (citing cases).

Very recently, in *Gillespie v. City of Battle Creek*, No. 1:13-CV-1320, 2015 WL 1459611 (W.D. Mich. Mar. 30, 2015), another district court in this circuit explained as follows:

> … Plaintiffs are correct that the Individual Defendants are not technically in a position to bring either a Rule 12(b)(6) or a Rule 12(c) motion. A Rule 12(b)(6) motion "must be made before pleading," Fed. R. Civ. P. 12(b), and the Individual Defendants had already filed their answer before they filed their motion. (Am. Answ. to Am. Compl., ECF No. 16.) The Individual Defendants' Rule 12(c) motion, on the other hand, is premature. Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also F.R.C. Int'l, Inc. v. United States,* 278 F.3d 641, 642 (6th Cir. 2002) ("Although the parties refer to the judgment as a judgment on the pleadings under Fed. R. Civ. P. 12(c), judgment under that rule was technically unavailable because the government had not filed an answer and thus the pleadings were not closed as required by the rule."). The pleadings in this case are not closed because the City has not filed an answer.
>
> It appears, however, that district courts in this circuit have permitted parties to file post-answer Rule 12(b)(6) motions. *See, e.g., Horen v. Bd. of Educ. of Toledo,* 594 F. Supp. 2d 833, 840 (N.D. Ohio 2009) (construing premature pre-answer Rule 12(c) motion as Rule 12(b)(6) motion to dismiss); *Collins v. Muskegon Cnty. Sheriff's Dep't,* No. 1:05–CV–666, 2007 WL 426586, at *5 (W.D. Mich. Feb.1, 2007) (noting that it is not improper to treat a premature, pre-answer Rule 12(c) motion as a motion to dismiss under Rule 12(b)(6)). Other courts have agreed to construe a premature Rule 12(c) motion as a Rule 12(b)(6) motion only on grounds that have been raised in their answer. *Telesca v. Long Island Housing P'ship, Inc.,* 443 F. Supp. 2d 397, 405 (E.D.N.Y.2006) ("Although courts will generally rule on an untimely motion to dismiss that is filed after the answer, the defendant's previously-filed answer must expressly preserve the defense."); *Anderson v. Sullivan,* No. 03CV4064 (DRH)(MLO), 2005 WL 1123772, at *2 (E.D.N.Y. May 9, 2005) ("In the present case, Defendant clearly moved for Rule 12(b)(2) dismissal after serving his answer. His motion would thus seem facially untimely. Federal courts, however, will

generally make an exception to the above rule, and deem a Rule 12(b)(2) motion timely, if the defendant/movant's previously-filed answer expressly includes the lack of personal jurisdiction as an affirmative defense."); *Molnlycke Health Care AB v. Dumex Med. Surgical Products Ltd.,* 64 F. Supp. 2d 448, 449 (E.D. Pa.1999) ("The court rejects plaintiff's argument that the motion is untimely. Although the defendant filed this motion after answering the complaint, that answer included lack of venue, lack of personal jurisdiction, and failure to state a claim as affirmative defenses."). *But see Byrne v. Nezhat,* 261 F.3d 1075, 1093 n. 35 (11th Cir. 2001) (referring to a post-answer Rule 12(b)(6) motion as a nullity).

The Court believes that allowing the Individual Defendants' motion as a post-answer Rule 12(b)(6) motion is appropriate in this case. The Individual Defendants raised each of the issues presented in their motion to dismiss as affirmative defenses in their answer, (ECF No. 16), and many of their arguments are identical to those raised by the City. Plaintiffs have not identified any prejudice that would arise from consideration of the Individual Defendants' motion at this time. Accordingly, the Court will construe the Individual Defendants' motion for partial judgment on the pleadings as a post-answer Rule 12(b)(6) motion, and the Court will consider the motion at this time.

*Id.* at *3-4.

Just as in *Gillespie*, when defendant Levine filed his MJOP on April 7, 2015, there were (and still are) other defendants who had not filed an answer, rendering the Rule 12(c) motion technically premature. Further, because Levine has already filed his answer (Doc. No. 58 ["Answer"]), technically the motion is not proper under Rule 12(b)(6). But, under the case law cited by *Gillespie*, which this Court finds persuasive, the MJOP under Rule 12(c) can be converted to a Rule 12(b)(6) motion if the issues raised in the MJOP were sufficiently raised in Levine's answer as affirmative defenses.

The MJOP argues that plaintiff's federal claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); this was raised in his answer as an affirmative defense. (Answer ¶ 39.) The Court also notes that this same argument was raised in the other defendants' motions to dismiss, and judicial economy suggests that it should be addressed all at one time. Levine argues that plaintiff's conspiracy claim fails for lack of

specificity; Levine's answer raises the defense of failure to state a claim. (*Id.* ¶ 37.) Levine argues that plaintiff's malicious prosecution claim is barred because his criminal prosecution did not terminate in his favor; in his answer, Levine raises "probable cause" as a defense and this can be construed to encompass this argument. (*Id.* ¶ 44.) Finally, Levine argues that plaintiff's claims of infliction of emotional distress and spoliation are time-barred; in his answer he raised the statute of limitations as a defense. (*Id.* ¶ 41.)

Accordingly, the Court concludes that the MJOP can properly be converted to a Rule 12(b)(6) motion. Therefore, the motion to strike (Doc. No. 68) is **denied**.  Further, the briefing deadlines previously set by the Court for the MJOP remain, and the Court will not grant any extensions. *See* Order, Doc. No. 67.

**IT IS SO ORDERED**.

Dated: May 8, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**